E-FILED
Monday, 28 March, 2022  05:09:18 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GAGE MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.    3:21-cv-1583 |
| | ) | |
| ADVANCED TECHNOLOGY | ) | |
| SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## FIRST AMENDED COMPLAINT

COMES NOW Plaintiff, Gage Moore, and for his causes of action against Defendant Advanced Technology Services, Inc., states as follows:

### STATEMENT OF THE CASE

1.      Plaintiff, an African American former employee of Defendant, sustained a workplace injury in 2019 and was told to claim it under his own insurance. Plaintiff refused, filed a workers compensation claim, and had surgery in January 2020. Plaintiff was released back to work at the end of February 2020. Plaintiff was furloughed allegedly due to Covid and later terminated on May 1, 2020 even though approximately 4-5 Caucasian employees were returned to work.

2.      Plaintiff's termination was, among others, due to one or more of the following illegal reasons:

a.  Defendant retaliatorily discharged Plaintiff for reporting a work-

1

related injury and/or illness and/or for attempting to exercise his rights under the Illinois Workers' Compensation Act.

b. Defendant terminated Plaintiff because he was a qualified individual with a disability, a history of a disability, and/or was perceived to have a disability, in violation of the Americans with Disabilities Act and the Illinois Human Rights Act;

c. Defendant terminated Plaintiff in retaliation for requesting the reasonable accommodation of medical leave, in violation of the Americans with Disabilities Act and the Illinois Human Rights Act;

d. Defendant terminated Plaintiff based upon his race;

e. Defendant terminated Plaintiff based upon his age;

3.      This is an action brought to remedy, inter alia, Defendant's violations of Plaintiff's civil rights pursuant to Title VII of the Civil Rights Act of 1964, as amended; 42 U.S.C. § 1981; the Illinois Human Rights Act 775 ILCS 5; the Illinois Workers' Compensation Act codified at 820 ILCS 305/4(h), the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, et seq., and/or the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, et seq

## JURISDICTION AND VENUE

4.      This Honorable Court has jurisdiction pursuant to, among others, 42 U.S.C. 2000e-5 and 28 U.S.C. § 1331, 1343(4) and 1367.

2

5.     Plaintiff received a notice of right to sue from the Equal Employment Opportunity Commission. (See Exhibit 1).

6.     This matter is filed within 90 days of the receipt of Exhibit 1.

7.     Plaintiff received a notice of right to sue from the Illinois Department of Human Rights. (See Exhibit 2).

8.     This matter is filed within 90 days of the receipt of Exhibit 2.

## THE PARTIES

9.     Plaintiff is a resident of the State of Illinois.

10.    Defendant Advanced Technology Services, Inc. ("ATS") is a foreign corporation formed under the laws of the State of Delaware.

11.    Upon information and belief, Defendant's principal place of business is in the counties comprising the Central District of Illinois.

12.    Plaintiff was employed by Defendant at all relevant times mentioned and described herein.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

13.    Plaintiff began working for ATS on or about January 2017.

14.    In approximately July 2019, Plaintiff reported a work-related injury to ATS.

15.    Plaintiff was instructed not to file a workers compensation claim.

16.    Plaintiff was instructed to pay for his medical bills through his own

medical insurance in violation of Section 8(a) of the IWCA.

17.    Plaintiff refused to comply with these illegal instructions and made a claim for injury under the IWCA.

18.    On or about January 9, 2020, Plaintiff was placed on Family and Medical Leave until March 25, 2020.

19.    Plaintiff was placed on short-term disability from January 23, 2020 until March 25, 2020.

20.    Plaintiff was released to return to work and was available for work on March 26, 2020.

21.    Despite this, Defendant failed to provide Plaintiff with any work upon his return from FMLA leave.

22.    On or about April 1, 2020, Plaintiff was furloughed by Defendant.

23.    On or about April 30, 2020, Plaintiff was terminated.

24.    Plaintiff was a good employee.

25.    Plaintiff did not have a history of discipline by Defendant.

26.    Plaintiff was regularly commended for his work prior to his workplace injury.

27.    Approximately, 4-5 of Plaintiff's co-workers continued to work and/or were called back to work by Defendant.

28.    Upon information and belief, these co-workers were younger and/or

Caucasian employees.

29.     Upon information and belief, these co-workers did not have workplace injuries.

30.     Upon information and belief, these co-workers did not have a disability, a history of a disability, and/or perceived to have a disability.

31.     Upon information and belief, these co-workers did not have a history of utilizing Family and Medical Leave.

32.     Upon information and belief, Plaintiff had trained some of these co-workers.

33.     The reasons given for Plaintiff's termination are pretextual.

34.     The real reasons for Plaintiff's termination were one or more of the following:

## COUNT I

### (Retaliatory Discharge Against Defendant)

35.     Plaintiff restates and realleges paragraphs 1-34 of this Complaint as if fully stated herein.

36.     Prior to Plaintiff's termination, he was employed by Defendant when he sustained injuries in the course of his employment.

37.     Defendant is an "employer" as that term is defined under the IWCA.

38.     Defendant was aware that Plaintiff had a work-related injury.

5

39.   Defendant was aware Plaintiff was seeking medical treatment as a result of his work-related injury.

40.   Defendant discharged Plaintiff in retaliation for the Plaintiff attempting to file his workers compensation claim in violation of the IWCA, 820 ILCS 305/4(h).

41.   Plaintiff's discharge was intentional, malicious, and was in retaliation for Plaintiff attempting to exercise his rights under the IWCA.

42.   As a direct and proximate result of Defendant's unfair and retaliatory discharge, Plaintiff has suffered lost wages, and actual damages which are continuing to accrue at this time. These include, but are not limited to the following: past and future wage loss; past and future lost earning capacity; past and future loss of fringe benefits; loss of career opportunities; shame, humiliation, embarrassment, anxiety, loss of sleep and interference with the enjoyment of life; and emotional distress, all of which will continue into the future.

43.   All of the actions of Defendant were intentional, careless and/or reckless and performed in complete disregard of the law and the rights of Plaintiff for which conduct and actions, punitive damages are properly imposed in such amounts as will punish Defendant for its wrongful conduct and deter it and others from like conduct in the future.

WHEREFORE, Plaintiff prays that judgment be entered against

Defendant, and that Plaintiff be awarded past, present and future lost wages and benefits; compensatory damages, punitive and exemplary damages; interest, costs and reasonable attorneys' fees; and all other relief deemed just and equitable.

## COUNT II

### (ADA – Disability Discrimination, 42 U.S.C. § 12101 et seq.)

44.    Plaintiff restates and realleges paragraphs 1-34 of this Complaint as if fully stated herein.

45.    At all relevant times, Plaintiff was an individual employed by Defendant.

46.    Prior to and at the time of his furlough and/or termination, Plaintiff had one or more disabilities as that term is defined in the Americans with Disabilities Act (ADA), 42 U.S.C. §12101, et seq.

47.    Prior to the time of his furlough and/or termination, Plaintiff had a history of one or more disabilities.

48.    Plaintiff's medical conditions were/are a serious medical condition that at relevant times substantially limited one or more major life activities.

49.    In the alternative, at the time it decided to furlough or terminate Plaintiff, Defendant regarded Plaintiff as having a disability.

50.     Plaintiff was qualified to do the essential functions of his job with or without a reasonable accommodation.

51.     Defendant placed Plaintiff on Short Term Disability on or about January 23, 2020.

52.     Defendant was thus aware of Plaintiff's disability and limitations.

53.     Initially, Defendant accommodated Plaintiff's disability by allowing medical leave.

54.     However, upon Plaintiff's return from his medical leave, he was furloughed and subsequently terminated.

55.     Defendant's illegal treatment described and set forth above including, but not limited to, Plaintiff's termination was done on the basis of Plaintiff's disability, history of disability, or Defendant's regard of Plaintiff having a disability.

56.     Defendant and its agents, representatives and employees treated Plaintiff differently than similarly situated employees based on unlawful consideration of his disability.

57.     As a direct and proximate result of Defendant's illegal actions, Plaintiff has sustained injuries and damages. These include, but are not limited to: past and future wage loss; past and future lost earning capacity; loss of career opportunities; shame, humiliation, embarrassment, anxiety, loss of sleep and interference with enjoyment of life; and emotional distress, all of which will continue into the future.

58.     Defendant's illegal actions were intentional, careless and/or reckless and performed in complete disregard of the law and the rights of Plaintiff, for which conduct and actions, punitive damages are properly imposed in such amounts as will punish Defendant for its wrongful conduct and deter it and others from like conduct in the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant and that Plaintiff be awarded past, present and future lost wages and benefits; compensatory damages, punitive and exemplary damages; interest, costs and reasonable attorneys' fees and expert witness fees; any other relief afforded Plaintiff under the ADA, and all other relief deemed just and equitable.

## COUNT III

### (ADA – Retaliation, 42 U.S.C. § 12101 et seq.)

59.     Plaintiff restates and realleges the factual allegations contained in paragraphs 1-34 of this Complaint.

60.     Plaintiff requested the reasonable accommodation of medical leave.

61.     Therefore, Plaintiff engaged in protected activity.

62.     Thereafter, Plaintiff was furloughed and later terminated.

63.     Defendant's decision to furlough and/or terminate him from employment were done on the basis of Plaintiff's request for a reasonable accommodation.

64.    As a direct and proximate result of Defendant's illegal actions, Plaintiff has sustained injuries and damages.  These include, but are not limited to: past and future wage loss; past and future lost earning capacity; loss of career opportunities; shame, humiliation, embarrassment, anxiety, loss of sleep and interference with his enjoyment of life; and emotional distress, all of which will continue into the future.

65.    The illegal actions of Defendant were intentional, careless and/or reckless and performed in complete disregard of the law and the rights of Plaintiff, for which conduct and actions, punitive damages are properly imposed in such amounts as will punish Defendant for its wrongful conduct and deter it and others from like conduct in the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant and that Plaintiff be awarded past, present and future lost wages and benefits; compensatory damages, punitive and exemplary damages; interest, costs and reasonable attorneys' fees; any other relief afforded Plaintiff under the ADA, and all other relief deemed just and equitable.

## COUNT IV

### (Illinois Human Rights Act – Disability Discrimination)

66.    Plaintiff restates and realleges paragraphs 1-34 of this Complaint as if fully stated herein.

67.    At all relevant times, Plaintiff was an individual employed by Defendant.

68.    Prior to and at the time of his furlough and/or termination, Plaintiff had one or more disabilities.

69.    Prior to the time of his furlough and/or termination, Plaintiff had a history of one or more disabilities.

70.    Plaintiff's medical conditions were/are a serious medical condition that at relevant times substantially limited one or more major life activities.

71.    In the alternative, at the time it decided to furlough or terminate Plaintiff, Defendant regarded Plaintiff as having a disability.

72.    Plaintiff was qualified to do the essential functions of his job with or without a reasonable accommodation.

73.    Defendant placed Plaintiff on Short Term Disability on or about January 23, 2020.

74.    Defendant was thus aware of Plaintiff's disability and limitations.

75.    Initially, Defendant accommodated Plaintiff's disability by allowing

medical leave.

76. However, upon Plaintiff's return from his medical leave, he was furloughed and subsequently terminated.

77. Plaintiff's disability, history of disability, or Defendant's regard of Plaintiff having a disability was a motivating factor in Defendant's illegal treatment described and set forth above including, but not limited to Plaintiff's termination.

78. Defendant and its agents, representatives and employees treated Plaintiff differently than similarly situated employees based on unlawful consideration of his disability.

79. As a direct and proximate result of Defendant's illegal actions, Plaintiff has sustained injuries and damages. These include, but are not limited to: past and future wage loss; past and future lost earning capacity; loss of career opportunities; shame, humiliation, embarrassment, anxiety, loss of sleep and interference with enjoyment of life; and emotional distress, all of which will continue into the future.

80. Defendant's illegal actions were intentional, careless and/or reckless and performed in complete disregard of the law and the rights of Plaintiff, for which conduct and actions, punitive damages are properly imposed in such amounts as will punish Defendant for its wrongful conduct and deter it and others from like conduct in the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant and that Plaintiff be awarded past, present and future lost wages and benefits; compensatory damages; interest, costs and reasonable attorneys' fees and expert witness fees; any other relief afforded Plaintiff under The Illinois Human Rights Act, and all other relief deemed just and equitable.

## COUNT V

### (Illinois Human Rights Act – Disability Retaliation)

81.    Plaintiff restates and realleges paragraphs 1-34 of this Complaint.

82.    Plaintiff's requests for reasonable accommodation were a motivating factor in Defendant's decision to furlough and/or terminate him from employment.

83.    As a direct and proximate result of Defendant's illegal actions, Plaintiff has sustained injuries and damages. These include, but are not limited to: past and future wage loss; past and future lost earning capacity; loss of career opportunities; shame, humiliation, embarrassment, anxiety, loss of sleep and interference with his enjoyment of life; and emotional distress, all of which will continue into the future.

84.    The illegal actions of Defendant were intentional, careless and/or reckless and performed in complete disregard of the law and the rights of Plaintiff, for which conduct and actions, punitive damages are properly imposed in such amounts as will punish Defendant for its wrongful conduct and deter it and others

from like conduct in the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant and that Plaintiff be awarded past, present and future lost wages and benefits; compensatory damages; interest, costs and reasonable attorneys' fees; any other relief afforded Plaintiff under the IHRA, and all other relief deemed just and equitable.

## COUNT VI

### (Civil Rights Act – Race Discrimination)

85.    Plaintiff restates and realleges paragraphs 1-34 of this Complaint.

86.    At all relevant times, Defendants were an employer covered by and within the meaning of the Civil Rights Act of 1964.

87.    Plaintiff's race was a motivating factor in Defendants' wrongful discriminatory treatment described and set forth above.

88.    Defendants and their agents, representatives and employees were predisposed to discriminate on the basis of race and acted in accordance with that predisposition.

89.    Defendants' actions were intentional with reckless indifference to Plaintiff's rights and sensibilities.

90.    Defendants and their agents, representatives and employees treated Plaintiff differently than similarly situated employees based on unlawful consideration of race.

91.    As a direct and proximate result of Defendants' wrongful acts, Plaintiff has sustained injuries and damages.  These include, but are not limited to the following: past and future wage loss; past and future lost earning capacity; past and future loss of fringe benefits; loss of career opportunities; physical pain and suffering; shame, humiliation, embarrassment, anxiety, loss of sleep and interference with her enjoyment of life; and emotional distress, all of which will continue into the future.

92.    All of the actions of Defendants were intentional, careless and/or reckless and performed in complete disregard of the law and the rights of Plaintiff, for which conduct and actions, punitive damages are properly imposed in such amounts as will punish Defendants for their wrongful conduct and deter it and others from like conduct in the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendants and that Plaintiff be awarded past, present and future lost wages and benefits; compensatory damages, punitive and exemplary damages; interest, costs and reasonable attorneys' fees; any other relief afforded Plaintiff under The Civil Rights Act, and all other relief deemed just and equitable.

## COUNT VII

### (Illinois Human Rights Act- Race Discrimination)

93.     Plaintiff restates and realleges paragraphs 1-34 of this Complaint.

94.     At all relevant times, Defendants were an employer covered by and within the meaning of the Illinois Human Rights Act.

95.     Plaintiff's race was a motivating factor in Defendants' wrongful discriminatory treatment described and set forth above.

96.     Defendants and their agents, representatives and employees were predisposed to discriminate on the basis of race and acted in accordance with that predisposition.

97.     Defendants' actions were intentional with reckless indifference to Plaintiff's rights and sensibilities.

98.     Defendants and their agents, representatives and employees treated Plaintiff differently than similarly situated employees based on unlawful consideration of race.

99.     As a direct and proximate result of Defendants' wrongful acts, Plaintiff has sustained injuries and damages.  These include, but are not limited to the following: past and future wage loss; past and future lost earning capacity; past and future loss of fringe benefits; loss of career opportunities; physical pain and suffering;  shame,  humiliation,  embarrassment,  anxiety,  loss  of  sleep  and

interference with her enjoyment of life; and emotional distress, all of which will continue into the future.

100.   All of the actions of Defendants were intentional, careless and/or reckless and performed in complete disregard of the law and the rights of Plaintiff, for which conduct and actions, punitive damages are properly imposed in such amounts as will punish Defendants for their wrongful conduct and deter it and others from like conduct in the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendants and that Plaintiff be awarded past, present and future lost wages and benefits; compensatory damages; interest, costs and reasonable attorneys' fees; any other relief afforded Plaintiff under the IHRA, and all other relief deemed just and equitable.

## COUNT VIII

### (42 U.S.C. § 1981)

101.   Plaintiff restates and realleges paragraphs 1-34 of this Complaint.

102.   Defendants violated United States law, specifically 42 U.S.C. § 1981, by wrongfully terminating Plaintiff's employment and subjecting her to harassment and/or discriminatory conduct.

103.   Plaintiff was treated differently by the Defendants than white employees.

104.   Plaintiff's race was a but-for cause of Defendants' wrongful

discriminatory treatment described and set forth above including, but not limited to Plaintiff's furlough and termination.

105.   Defendant's actions were intentional with reckless indifference to Plaintiff's rights and sensibilities.

106.   As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained injuries and damages.  These include, but are not limited to, the following: past and future wage loss; past and future lost earning capacity; loss of career opportunities; shame, humiliation, embarrassment, anxiety, loss of sleep and interference with her enjoyment of life; and emotional distress, all of which will continue into the future.

107.   All the actions of Defendant were intentional, careless and/or reckless and performed in complete disregard of the law and the rights of Plaintiff, for which conduct and actions, punitive damages are properly imposed in such amounts as will punish Defendant for its wrongful conduct and deter it and others from like conduct in the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant and that Plaintiff be awarded past, present and future lost wages and benefits; compensatory damages, punitive and exemplary damages; interest, costs and reasonable attorneys' fees and expert witness fees; any other relief afforded Plaintiff under 42 U.S.C. § 1981, and all other relief deemed just and equitable.

## COUNT IX

### (Age Discrimination in Employment Act)

108.   Plaintiff restates and realleges paragraphs 1-34 of this Complaint as if fully stated herein.

109.   At all relevant times, Plaintiff was an individual employed by Defendant.

110.   Prior to and at the time of his furlough and/or termination, Plaintiff was over the age of 40.

111.   Defendant is an employer with 20 or more employees.

112.   Congress has recognized that the cost of providing benefits to older workers is greater than the cost of providing those same benefits to younger workers.

113.   Defendant took the unlawful consideration of the cost of providing benefits to older workers in its determination to furlough and ultimately terminate Plaintiff.

114.   At the very least, Defendant furloughed Plaintiff and one other similarly situated employees.

115.   Both employees were over the age of 50.

116.   Plaintiff's age was a but-for cause of Defendant's illegal treatment described and set forth above including, but not limited to Plaintiff's termination.

117.   Defendant and its agents, representatives and employees treated Plaintiff differently than similarly situated employees based on unlawful consideration of his age.

118.   As a direct and proximate result of Defendant's illegal actions, Plaintiff has sustained injuries and damages. These include, but are not limited to: past and future wage loss; past and future lost earning capacity; loss of career opportunities; shame, humiliation, embarrassment, anxiety, loss of sleep and interference with enjoyment of life; and emotional distress, all of which will continue into the future.

119.   Defendant's illegal actions were intentional, careless and/or reckless and performed in complete disregard of the law and the rights of Plaintiff, for which conduct and actions, punitive damages are properly imposed in such amounts as will punish Defendant for its wrongful conduct and deter it and others from like conduct in the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant and that Plaintiff be awarded past, present and future lost wages and benefits; compensatory damages; statutory damages, interest, costs and reasonable attorneys' fees and expert witness fees; any other relief afforded Plaintiff under the ADEA, and all other relief deemed just and equitable.

## COUNT X

### (Illinois Human Rights Act – Age Discrimination)

120. Plaintiff restates and realleges paragraphs 1-34 of this Complaint as if fully stated herein.

121. At all relevant times, Plaintiff was an individual employed by Defendant.

122. Prior to and at the time of his furlough and/or termination, Plaintiff was over the age of 40.

123. Plaintiff's age was a motivating factor in Defendant's illegal treatment described and set forth above including, but not limited to Plaintiff's termination.

124. Defendant and its agents, representatives and employees treated Plaintiff differently than similarly situated employees based on unlawful consideration of his age.

125. As a direct and proximate result of Defendant's illegal actions, Plaintiff has sustained injuries and damages. These include, but are not limited to: past and future wage loss; past and future lost earning capacity; loss of career opportunities; shame, humiliation, embarrassment, anxiety, loss of sleep and interference with enjoyment of life; and emotional distress, all of which will continue into the future.

126. Defendant's illegal actions were intentional, careless and/or reckless

and performed in complete disregard of the law and the rights of Plaintiff, for which conduct and actions, punitive damages are properly imposed in such amounts as will punish Defendant for its wrongful conduct and deter it and others from like conduct in the future.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant and that Plaintiff be awarded past, present and future lost wages and benefits; compensatory damages; interest, costs and reasonable attorneys' fees and expert witness fees; any other relief afforded Plaintiff under the Illinois Human Rights Act, and all other relief deemed just and equitable.

## COUNT XI

### (Family and Medical Leave Act – Interference, 29 U.S.C. § 2601 et seq.)

127.  Plaintiff restates and realleges the factual allegations contained in paragraphs 1-34 of this Complaint.

128.  The Family and Medical Leave Act ("FMLA") prohibits an employer like Defendant from interfering with an employee's exercise of or the attempt to exercise any right under the FMLA. 29 U.S.C. § 2615(a)(1).

129.  Plaintiff had in excess of 12 months of service in employment with Defendant.

130.  Upon information and belief, Plaintiff had performed for Defendant in excess of 1250 hours of work in the 12 months preceding his request for FMLA

leave.

131.  At the time Plaintiff requested FMLA leave, he was afflicted with a "serious health condition" as that term is used in the FMLA that rendered him unable to perform the functions of his job.

132.  Plaintiff was otherwise eligible and qualified for FMLA leave at all times relevant to this Complaint.

133.  Defendant granted Plaintiff medical leave under the FMLA from January 9, 2020 through March 25, 2020.

134.  The FMLA requires that when an employee returns to work that the employer must return the employee to the same job or one that is nearly identical.

135.  Defendant failed to provide Plaintiff with an assignment.

136.  Instead, Defendant placed Plaintiff on furlough on or about April 1, 2020.

137.  Defendant then terminated Plaintiff, thus interfering in Plaintiff's right to FMLA leave in violation of the FMLA.

138.  Defendant interfered with Plaintiff's rights under the FMLA by using the taking of his leave as a negative factor in its decision to furlough Plaintiff and/or terminate Plaintiff.

139.  Among others, 29 C.F.R. § 825.220 (c) prohibits interference as follows: "By the same token, employers cannot use the taking of FMLA leave as a

negative factor in employment actions, such as hiring, promotions or disciplinary actions; nor can FMLA leave be counted under no fault attendance policies."

140.   Defendant's termination of Plaintiff also interfered with Plaintiff's FMLA rights by preventing him from exercising his FMLA rights in the future.

141.   As a result of the illegal actions of Defendant, Plaintiff lost wages, salary, employment benefits, and/or other compensation.

WHEREFORE Plaintiff prays for Judgment against Defendant for lost wages, salary, employment benefits, and/or other compensation denied or lost; the interest on said damages calculated at the prevailing rate; liquidated damages prescribed by statute equal to the above damages; equitable relief as may be appropriate, including employment or reinstatement; reasonable attorney's fees, reasonable expert witness fees, and other costs of the action; and such other and further relief as the court deems just and appropriate.

## **COUNT XII**

### **(Family and Medical Leave Act – Retaliation, 29 U.S.C. § 2601 et seq.)**

142.   Plaintiff restates and realleges the factual allegations contained in paragraphs 1-35 of this Complaint.

143.   The FMLA prohibits retaliation against an employee for exercising or attempting to exercise rights under the FMLA. 29 U.S.C. § 2615(a)(2).

144.   Defendant retaliated against Plaintiff when it furloughed and/or

terminated Plaintiff for requesting and taking leave he was entitled to under the Family and Medical Leave Act.

145. Defendant's furlough and/or termination of Plaintiff was directly related to, or was caused by, Plaintiff's exercise and attempt to further exercise his rights under the FMLA.

146. As a result of the illegal actions of Defendant, Plaintiff lost wages, salary, employment benefits, and/or other compensation.

WHEREFORE Plaintiff prays for Judgment against the Defendant for lost wages, salary, employment benefits, and/or other compensation denied or lost; the interest on said damages calculated at the prevailing rate; liquidated damages prescribed by statute equal to the above damages; equitable relief as may be appropriate, including reinstatement; reasonable attorney's fees, reasonable expert witness fees, and other costs of the action; and such other and further relief as the court deems just and appropriate.

Respectfully submitted,

THE FURNISS LAW FIRM, LLC

*/s/ Ryan M. Furniss*
Ryan M. Furniss (IL# 6282915)
7750 Clayton Rd., Suite 102
Saint Louis, MO 63117
(314) 899-9101
(314) 627-5891 (fax)
rfurniss@furnisslaw.com

*Attorneys for Plaintiff*